## Miner N. Knowlton

### v.

## George L. Warner, Executor.

*Real Property—Covenant—Action of—Former Adjudication—Evidence.*

In an action of covenant to recover damages for a breach of a covenant in a deed, a decree rendered in a former suit between the parties, finding that there was a breach of said covenant in the failure of the defendant to pay a certain amount of interest, is admissible in evidence, although the court did not deem it expedient in said suit to enter a personal decree against the defendant for such amount, as it was a legal demand.

[Opinion filed January 18, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Mr. B. M. Munn, for appellant.

Messrs. M. A. Rorke & Son, for appellee.

Bailey, J.  This was an action of covenant, brought by Anna Hanbury against Miner N. Knowlton, to recover damages for a breach of certain covenants in two deeds conveying lands, executed by the defendant to the plaintiff.  During the pendency of the suit the plaintiff died, and her death being suggested on the record, George L. Warner, her executor, was substituted as plaintiff.  A trial was afterward had, resulting in a verdict in favor of the plaintiff for $428.56, and for that sum and costs judgment was rendered for the plaintiff.

As to one of said deeds, the only covenant of which any breach is alleged is the covenant against incumbrances and taxes, the breach assigned being the non-payment of certain taxes which were a lien on the land at the time of the conveyance, and which the grantee was afterward compelled to pay. As to this breach and the damages recoverable therefor there

is no controversy. The other deed contained a covenant by the grantor against taxes and all incumbrances, except a certain deed of trust for $1,800, and interest thereon from a date which was left blank in the deed, the payment of said deed of trust, with interest as therein specified, being assumed by the grantee. It is claimed that by a proper construction of the deed, the grantor covenanted against all incumbrances except the deed of trust and interest thereon from the date of the deed, and the breaches assigned are, the non-payment of certain taxes which were a lien on the land at that date, and also the sum of $307.55 interest which had then accrued on the deed of trust, the grantee having been compelled to pay both said taxes and interest. As to the taxes there is no dispute, the only controversy being as to said sum of $307.55, accrued interest.

To establish the defendant's liability for said interest, the plaintiff offered in evidence said deed, and also the record of a decree of the Superior Court theretofore rendered, in a certain suit in chancery in which said Anna Hanbury was complainant and said Knowlton, the holders of said deed of trust and others were defendants, and in which suit the construction of said deed and the liability of said Knowlton to reimburse said Anna Hanbury the said sum of interest so paid by her were, among various other matters, in issue. In that decree the court found, among other things, that said Anna Hanbury only assumed the payment of the principal sum of $1,800 of said deed of trust and interest thereon from the date of said conveyance, and that said Knowlton was liable to her for all interest accruing prior to that date; that said interest amounted to $307.55, and that said sum was due and unpaid from him to her, but the court further found that it was inexpedient to enter a personal decree in her favor against him for fear of error, on account of its being a legal demand, and that said decree ought to be entered without prejudice to any suit or suits to be thereafter brought by her against him to recover said sum of $307.55. It was thereupon ordered and decreed that said decree was entered without prejudice to the right of said Anna Hanbury to institute a suit or suits against said Knowlton to recover said sum.

It can not be doubted that said decree was competent evidence against the defendant. It was rendered in a suit to which both he and the plaintiff were parties, and in which the very matters now in dispute were at issue. It establishes, and we think conclusively establishes, the liability of the defendant for the interest in question and the amount of such liability. Upon those questions it is an express adjudication, and its force as an adjudication is in no manner diminished by the fact that the court, for a reason which was deemed sufficient, thought best not to decree the payment of said money by the defendant to the plaintiff, but remitted her to her suit at law for its recovery.

The verdict and judgment are clearly supported by the evidence, and, as no error of law is shown, the judgment will be affirmed.

*Judgment affirmed.*